UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LLOYD L. DAVIS | * | CIVIL ACTION NO. 2:11-CV-1791 |
| #197808 | * | |
| | * | SECTION P |
| VS. | * | |
| | * | JUDGE MINALDI |
| WARDEN TERRELL, | * | |
| ET AL. | * | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by Lloyd Davis. Doc. 1.  When the plaintiff filed suit on October 5, 2011, he was in an inmate in the custody of the Louisiana Department of Public Safety and Corrections and he was incarcerated at the Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

Plaintiff's complaint is that he was denied proper medical care.  He names the following ACC staff members as defendants: Warden Terry Terrell, nurses Easom and Harmon, and physician Harris.

The undersigned previously issued a Memorandum Order on July 9, 2012, directing the plaintiff to amend his petition.  Doc. 5.  The court found the petition deficient and the plaintiff was afforded thirty days, or until August 8, 2012, to cure those deficiencies.  The Memorandum Order was mailed to the plaintiff at the last address he supplied; however, that correspondence was returned undelivered with the notation that the plaintiff had been moved from ACC.  Doc. 6.

A district court may dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b).  "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant."  *McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988)

(citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. Plaintiff was directed to provide additional information and he has failed to do so.

Local Rule 41.3 of the United States District Court, Western District of Louisiana provides the following:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days have elapsed since the court's correspondence was returned undelivered.

Accordingly,

**IT IS RECOMMENDED** that the complaint be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE